SHELBY COUNTY (AMY v.). See Case No. 345.

SHELDEN (NESSMITH v.). See Case No. 10,125.

SHELDEN (PENNOYER v.). See Case No. 10,943.

---

## Case No. 12,747.

### In re SHELDON.

[8 Ben. 67;[1] 12 N. B. R. 63.]

District Court, S. D. New York. April, 1875.

BANKRUPTCY — DISCHARGE — FIFTY PER CENT CLAUSE—CONSENT OF CREDITORS — DEBTS CONTRACTED BEFORE JAN. 1, 1869—JUDGMENT—ACT JUNE 22, 1874, SEC. 9.

1. A voluntary petition in bankruptcy was filed on November 10, 1873. The only debt proved was a judgment against the bankrupt in favor of S., recovered March 1, 1873, which judgment was recovered on a former judgment entered on July 26, 1862, which was recovered on a promissory note endorsed by the bankrupt. The bankrupt applied for his discharge and S. objected that he could not be discharged, because the assets of his estate were not shown to be equal to 30 per cent of the debt proved and no consent of S. to his discharge had been given. *Held*, that the debt of S., under the ninth section of the act of June 22, 1874 (18 Stat. 180), was not the judgment but the endorsement, and was contracted prior to January 1, 1869.

[Cited in Re Derby. Case No. 3,816; Re Townsend, 2 Fed. 563.]

2. The bankrupt was entitled to be discharged without showing any percentage in assets, or any assent of S..

[Cited in Re Gifford. Case No. 5,408.]

3. The act of June 22, 1874, did not repeal any part of section 5112 of the United States Revised Statutes. or of any prior enactment embodied therein; except the provision requiring "fifty percentum of such assets."

4. The decision in Francke's Case [Case No. 5,046]. is reaffirmed.

[In the matter of George H. Sheldon, a bankrupt.]

H. E. Tremain, for creditor.
J. A. Welch, for bankrupt.

BLATCHFORD. District Judge. George H. Sheldon filed a voluntary petition in bankruptcy in this court on the 10th of November, 1873, and was adjudicated a bankrupt. Subsequently, Walter W. Seymour proved, as a debt against the estate of the bankrupt, a judgment recovered in the supreme court of

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

New York, March 1, 1873, by him against the bankrupt, for $1,543.17. That judgment was recovered on a prior judgment recovered in the same court against the bankrupt July 26, 1862, for $860.80. No other debt has been proved by any person. The bankrupt has applied for a discharge. Seymour appeared before the register to oppose the discharge, and objected to the register's entertaining any proceedings on the application for discharge or making any report thereon otherwise than to dismiss the same, on the ground that the bankrupt had not filed the consent of Seymour to the discharge, and that no payment either of 30 per cent. or otherwise, had been made to Seymour. The judgment of 1862 was recovered upon a promissory note endorsed by the bankrupt for the accommodation of one A. H. Sheldon.

The thirty-third section of the bankruptcy act of March 2, 1867 (14 Stat. 533), provided that, "in all proceedings in bankruptcy commenced after one year from the time this act shall go into operation, no discharge shall be granted to a debtor whose assets do not pay fifty per centum of the claims against his estate, unless the assent in writing of a majority in number and value of his creditors who have proved their claims is filed in the case at or before the time of application for discharge." By the first section of the act of July 27, 1868 (15 Stat. 227), that provision was amended so as to read, that, "in all proceedings in bankruptcy commenced after the first day of January, eighteen hundred and sixty-nine, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per centum of the claims proved against his estate upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as principal debtor, and who shall have proved their claims, be filed in the case at or before the time of the hearing of the application for discharge." By the first section of the act of July 14, 1870 (16 Stat. 276), it was declared that such provision of the act of 1867. as amended by the act of 1868, "shall not apply to those debts from which the bankrupt seeks a discharge which were contracted prior to the first day of January, eighteen hundred and sixty-nine." Section 5112 of the Revised Statutes of the United States, passed June 22, 1874, enacts in these words the provision of the act of 1868, as amended by the act of 1870: "In all proceedings in bankruptcy commenced after the first day of January, eighteen hundred and sixty-nine, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per cent of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as principal debtor, and who shall have proved their claims, is filed in the case at or

before the time of the hearing of the application for discharge; but this provision shall not apply to those debts from which the bankrupt seeks a discharge, which were contracted prior to the first day of January, eighteen hundred and sixty-nine." The ninth section of the act of June 22, 1874 (18 Stat. 180), provides as follows: "That, in cases of compulsory or involuntary bankruptcy, the provisions of said act" (the act of March 2, 1867), "and any amendment thereof, or of any supplement thereto, requiring the payment of any proportion of the debts of the bankrupt, or the assent of any portion of his creditors, as a condition of his discharge from his debts, shall not apply; but he may, if otherwise entitled thereto, be discharged by the court in the same manner, and with the same effect, as if he had paid such per centum of his debts, or as if the required proportion of his creditors had assented thereto. And in cases of voluntary bankruptcy, no discharge shall be granted to a debtor whose assets shall not be equal to thirty per centum of the claims proved against his estate, upon which he shall be liable as principal debtor, without the assent of at least one-fourth of his creditors in number and one-third in value; and the provision in section 33 of said act of March 2, 1867, requiring fifty per centum of such assets, is hereby repealed." Section 21 of the act of June 22, 1874, repeals all acts and parts of acts inconsistent with its provisions.

It is contended for the creditor, that the provisions of the ninth section of the act of 1874, require that no discharge shall be granted to this bankrupt, who is a voluntary bankrupt, unless his assets are shown to be equal to 30 per cent. of the debt of such creditor, (such debt being alleged by him to be one upon which the bankrupt is liable as principal debtor), or unless he procures the assent of such creditor to the discharge.

It is contended for the bankrupt, that this debt was a debt contracted prior to the 1st day of January, 1869; that the provision of the ninth section of the act of 1874, in regard to discharges in cases of voluntary bankruptcy. does not apply to debts contracted prior to the 1st day of January, 1869; and that the declaration in the first section of the act of 1870, and in section 5112 of the Revised Statutes, that the requirements then in force in regard to the conditions of amount of assets, or of assent of creditors, on which alone a discharge could be granted to any bankrupt, whether voluntary or involuntary, shall not apply to debts contracted prior to January 1, 1869, is still to be applied as a qualification to the provision of the ninth section of the act of 1874, in regard to discharges in cases of voluntary bankruptcy.

I still adhere to the opinion expressed by me in Francke's Case [supra], that the provisions of the ninth section of the act of 1874, in respect to discharges, both in cases of involuntary bankruptcy, and in cases of voluntary bankruptcy, apply only to cases to

be commenced after the passage of that act. My views expressed in that case have not been overruled by superior authority, and I believe them to be sound in principle. Under such views, as the petition in the present case was filed before the passage of the act of 1874, the ninth section of the act of 1874, would not apply to the present case; and it would be left to be governed by the provisions of section 5112 of the Revised Statutes, under which this bankrupt would not be required to show any percentage in assets or any assent of creditors, because the debt of Seymour, the only debt proved, was contracted before January 1, 1869. Although the judgment, proved as the debt in this case, was recovered in 1873, yet the contract on which the judgment of 1862 was based, and which contract was, therefore, the basis of the judgment of 1873, was made prior to the judgment of 1862. In one sense, the contract of endorsement made by the bankrupt on the promissory note sued on in the judgment of 1862 was merged in that judgment; but, for the purposes of the provision as to debts contracted prior to January 1, 1869, it would be subversive of the intent and meaning of such provision to hold that the debt in this case was contracted on the 12th of March, 1873, and that the entry of the judgment was the contracting of the debt, and that the judgment was the contract, and that the endorsement of the note was not the contract.

But, even though the ninth section of the act of 1874, should be held to be applicable to the present case, the bankrupt would, I think, be entitled to a discharge without showing any percentage in assets or any assent of the creditor, Seymour, for the reason that, the debt of Seymour having been contracted prior to the 1st of January, 1869, no percentage in assets and no assent of the creditor is required.     •

Neither the first section of the act of 1870, nor that section as re-enacted in the last clause of section 5112 of the Revised Statutes, is directly or by implication repealed by the act of 1874. Nothing in said section 5112, or in the previous legislation before recited, is repealed, except the provision "requiring fifty per centum of such assets." and what is inconsistent with the provisions of the act of 1874. All that section 9 of the act of 1874 purports to do, in regard to discharges in voluntary cases, as a change of the previous law, as embodied in said section 5112, is, to require that the amount of assets shall be 30 per cent. instead of 50 per cent., and that the assent of creditors, when necessary. shall be the assent of one-fourth in number and one-third in value, instead of the assent of a majority in number and value. There is nothing inconsistent with the provisions of section 9 of the act of 1874, in regarding the provisions of that section respecting a percentage in assets and an assent of creditors as not being applicable to debts contracted

prior to the 1st of January, 1869. The act of 1874 does not, in its ninth section, or in its twenty-first section, or in any other section, directly repeal any provision of said section 5112, or of any prior enactment embodied therein, except the provision "requiring fifty per centum of such assets." The effect of such repeal was, in my judgment, merely to substitute 30 per cent. for 50 per cent., as the percentage, in cases where a percentage in assets was required before, and would still continue to be required—that is, in voluntary cases, and in respect of debts in such cases contracted after December 31st. 1868. At the time the ninth section of the act of 1874 was enacted, a voluntary bankrupt had a right to a discharge in respect of debts contracted prior to January 1, 1869, without showing any percentage in assets or obtaining any assent of creditors. The said ninth section, not only does not take away such right, but impliedly preserves it, by repealing nothing except the requirement as to 50 per cent. in assets, in cases where a percentage in assets was before necessary and still continues to be necessary, namely, in voluntary cases and in respect of debts in such cases contracted after December 31. 1868, and by substituting for such repealed requirement a requirement of only 30 per cent. in assets. The structure of the ninth section of the act of 1874, is peculiar; and, to ascertain its meaning, it must be looked at as a whole. The first sentence in it relates to compulsory or involuntary bankruptcy alone, and purports to legislate in regard to such provisions of former acts respecting discharges in involuntary cases as required a percentage in assets, or an assent of creditors, and to legislate in regard to such provisions alone. It says that such provisions "shall not apply;" and supplements that declaration by the synonymous one, that the involuntary bankrupt. if otherwise entitled to a discharge, may be discharged in the same manner and with the same effect as if he had paid the required per centum of his debts, or as if the required proportion of his creditors had assented thereto. The provisions in regard to percentage in assets and assent of creditors in involuntary cases thus being abrogated in regard to all debts, whenever contracted, of course were abrogated in regard to debts contracted prior to January 1, 1869. The second sentence in the said ninth section, relates to voluntary bankruptcy alone; and, as the first sentence purports to legislate only in regard to the requirement, in involuntary cases, of a percentage in assets or an assent of creditors, so the second sentence ought to be regarded as legislating only in regard to such provisions of former acts respecting discharges in voluntary cases as required a percentage in assets or an assent of creditors. The substance of such second sentence is to declare. in pari materia with the previous declaration, (that. in involuntary cases, the requirement as to

any percentage in assets or any assent of creditors is abrogated,) that, in voluntary cases. such requirement shall not be wholly abrogated, but shall be changed from a percentage of 50 per cent. in assets to one of 30 per cent. in assets, and from an assent of a majority in number and value of creditors to an assent of one-fourth in number of creditors, and one-third in value. This leaves unaffected the provision that the requirement as to percentage in assets and assent of creditors where applicable, ·shall not apply to debts contracted prior to January 1. 1869. The enactments in the said ninth section, are properly to be regarded as amendments of section 5112 of the Revised Statutes. in the particulars of the rate of percentage in assets and the number and value of creditors required to assent, and in those particulars alone. The changes made in those particulars are not inconsistent with the former provision, that any requirement as to percentage in assets or as to assent of creditors shall not apply to debts contracted prior to January 1, 1869.

From these considerations, it results that the bankrupt is entitled to his discharge without showing any percentage in assets, or any assent of the creditor who has proved his debt. The clerk will certify this decision to the register.